**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY P. BEUCA, | No.    23-35395 |
| Plaintiff-Appellant, | D.C. No. 2:23-cv-00069-TOR |
| v. | |
| WASHINGTON STATE UNIVERSITY; JOHN AND JANE 1-10, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted July 11, 2024
Seattle, Washington

Before:  HAWKINS, McKEOWN, and BRESS, Circuit Judges.

Timothy Beuca appeals the district court's dismissal with prejudice of his

Title VII and Washington Law Against Discrimination ("WLAD") claims against

his former employer Washington State University ("WSU"). The district court

found that Beuca failed to plausibly plead his claims' basic elements and that WSU

successfully established an undue hardship affirmative defense. As a result, the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

district court dismissed Beuca's complaint and denied leave to amend as futile. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo the district court's decision on a motion to dismiss. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). The elements of a failure to accommodate claim under both the WLAD and Title VII are "(1) [the plaintiff] had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004); *Kumar v. Gate Gourmet Inc.*, 180 Wash. 2d 481, 500–01 (2014). The amended complaint is largely conclusory and does not contain sufficient factual allegations to "plausibly suggest entitlement to relief." *Mattioda v. Nelson*, 98 F.4th 1164, 1174 (9th Cir. 2024).

Apart from the failure to plead a prima facie case, the district court denied leave to amend, a decision we review for abuse of discretion. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008), *as amended*. The district court determined that amendment would be futile because WSU successfully established undue hardship. Because undue hardship is an "affirmative defense," dismissal on that ground is appropriate "only if the

defendant shows some obvious bar to securing relief on the face of the complaint or in any judicially noticeable materials." *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1224 (9th Cir. 2023) (internal quotation marks and citations omitted).

Citing *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999), the district court defined "undue hardship" as "more than a de minimis cost to the employer" and found that "[n]o accommodation was possible."

After the district court issued its decision, the Supreme Court clarified the "undue hardship" standard under Title VII in *Groff v. DeJoy*, 600 U.S. 447 (2023). The Court held "that showing 'more than a *de minimis* cost,' as that phrase is used in common parlance, does not suffice to establish 'undue hardship' under Title VII." *Id.* at 468. Instead, an undue hardship is "substantial in the overall context of an employer's business." *Id.* This is a "fact-specific inquiry" to determine whether "the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." *Id.* at 468, 470. Courts must "apply the test in a manner that takes into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of [an] employer." *Id.* at 470–71 (internal quotation marks omitted).

Thus, the district court erred in applying the de minimis standard and in its

related futility of amendment analysis. On this record and at this stage, we cannot take into account "all relevant factors" as *Groff* requires, and, therefore, cannot rule as a matter of law that Beuca's request constituted an undue hardship.

The district court also found that leave to amend was futile and dilatory because Beuca already amended his complaint and "has had ample opportunity to identify any facts and causes of action that he could plausibly allege in this matter." Importantly, Beuca amended his complaint only once, and it was in state court, where different pleading standards apply. Beuca also outlined the broad strokes of potential amendments in his briefing and at oral argument. The district court abused its discretion in denying leave to amend. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'").

We reverse the district court's dismissal of the complaint with prejudice and its denial of leave to amend. We remand to the district court to permit amendment consistent with this decision.

**REVERSED.**